UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARPREET SINGH, A 220-644-478, | No. 1:26-cv-1668 DJC AC |
| Petitioner, | |
| v. | ORDER & |
| WARDEN OF GOLDEN STATE ANNEX DETENTION FACILITY, et al., | FINDINGS & RECOMMENDATIONS |
| Respondents. | |

Petitioner, an immigration detainee proceeding through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

I.     Factual Background

Petitioner, Harpreet Singh, a citizen and national of India, entered the United States without inspection on or around October 16, 2021. ECF No. 1 (Verified Complaint) at 2, 5, 10, 13. Sometime thereafter, petitioner submitted an asylum application to United States Citizenship and Immigration Services ("USCIS"). Id. at 10.

On July 12, 2022, removal proceedings commenced before the Executive Office of Immigration Review ("EOIR").[1] Petitioner consistently appeared for all appointments and

_____

[1] The court takes judicial notice of the information provided on the Executive Office for Immigration Review's ("EOIR") Automated Case Information webpage, available at https://acis.eoir.justice.gov/en/ (last visited June 10, 2026). See Fed. R. Evid. 201 (court may (continued…)

1

hearings.  Id. at 10.

In February 2026, petitioner was detained by Immigration and Customs Enforcement ("ICE").  Id. at 10.  Prior to this, petitioner resided in Clovis, California.  Id. at 5, 13.

On June 9, 2026, petitioner was ordered removed.[2]  An appeal of that order is due July 9, 2026.[3]  Petitioner is currently detained at Central Valley Annex.[4]

II.    Procedural History

On February 28, 2026, petitioner, through counsel, filed a petition for writ of habeas corpus and a motion for a temporary restraining order.  ECF Nos. 1, 2.  The district judge denied petitioner's motion for a temporary restraining order, which sought an order preventing petitioner's removal from this district, and referred this case to the magistrate judge.  ECF No. 5.  The magistrate issued a briefing order.  ECF No. 6.  Respondents filed a response, and petitioner filed a motion for leave to file supplemental habeas briefing and a request for expedited adjudication.  ECF Nos. 8, 10.

III.    Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)).  In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence.  Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

"District courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges

---

take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

[2] Id.

[3] Id.

[4] The court takes judicial notice of the information regarding petitioner on the ICE Inmate Locator website, operated by the Department of Homeland Security, which confirms that as of the date of this order, petitioner remains in custody at Central Valley Annex.  See note 1.

2

to immigration detention that are sufficiently independent of the merits of [a] removal order[.]" Lopez-Marroquin v. Barr, 955 F.3d 759 (9th Cir. 2020) (citation omitted); see also Zadvydas, 533 U.S. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

IV.    Discussion

A.  Overview

The petition asserts petitioner's pre-final order of removal detention violates: (1) the Fifth Amendment Right Due Process Clause; (2) the Immigration and Nationality Act ("INA"); and (3) the Administrative Procedure Act ("APA"). ECF No. 1 at 11-14. The petition seeks petitioner's immediate release from custody, or, alternatively, a bond hearing at which the government must show by clear and convincing evidence that petitioner presents a danger to the community or a flight risk. Id. at 14-15. The petition also seeks a declaration that petitioner's detention violates the Due Process Clause of the Fifth Amendment and the APA, an award of reasonable attorneys' fees and costs, and any other relief the court deems just and proper. Id. at 15.

In response to the petition, respondents "recognize that the majority of judges in the Eastern District of California have accepted Petitioner's arguments," however, they "maintain that Petitioner is an 'applicant for admission' who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2)(A)" and "does not possess a right to freedom from immigration detention in any form other than the form provided by Congress." ECF No. 8 at 1-2.

Petitioner did not file a reply. However, petitioner recently filed a motion for leave to file supplemental habeas briefing and request for expedited adjudication. ECF No. 10. The attached supplemental brief and request argue that the petition is ripe for adjudication, recent appellate authority in the Second and Sixth Circuit confirms petitioner's position, courts throughout this district and the country have repeatedly rejected respondents' position, abeyance is unwarranted, and petitioner's continued detention violates due process. ECF No. 10-1.

Petitioner's motion with respect to supplemental briefing will be granted. The request to expedite adjudication, however, will be denied as moot in light of the undersigned's findings and recommendations, which are issued in due course.

B. Claim Two—Violation under the INA[5]

This court has previously addressed the legal issues raised by Claim Two of the petition— violation of the INA—and rejected respondent's argument with respect to the applicability of 8 U.S.C. 1225(b)(2)(A) to noncitizens like petitioner.  Sharma v. Warden of the Golden States Annex Det. Facility, No. 1:25-cv-1861 AC, 2026 WL 1162718 (E.D. Cal. Apr. 29, 2026); Sut Pol v. Warden of Golden State Annex Det. Facility, No. 1:26-cv-1155 DJC AC, 2026 WL 981163 (E.D. Cal. Apr. 13, 2026); Morillo v. Albarran, No. 1:25-cv-01533-DJC-AC, 2025 WL 3190899 (E.D. Cal. Nov. 15, 2025); E.L.D.M. v Becerra, No. 1:25-cv-01906-DJC-JDP, 2025 WL 3707140 (E.D. Cal. Dec. 22, 2025).  In doing so, this court has "repeatedly and overwhelmingly concluded that when a noncitizen is detained within the interior of the United States, the appropriate detention statute is 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)."  Sharma, 2026 WL 1162718, at *4 (collecting cases); Sut Pol, 2026 WL 981163, at *2 (finding "petitioner, who was not apprehended upon arrival and has been living in the United States for several years, is not lawfully detained under 8 U.S.C. § 1225(b)(2)[,]" and that "the relevant detention authority is 8 U.S.C. § 1226(a), which entitles petitioner to a bond hearing"); Morillo v. Albarran, No. 1:25-cv-01533-DJC-AC, 2025 WL 3190899, *4 (finding petitioner, who had been present in the United States for 19 years before he was apprehended, was likely to succeed on the claim that he is unlawfully detained under 8 U.S.C. § 1225(b)(2) and entitled to the rights afforded under 8 U.S.C. § 1226(a), which includes a bond hearing); E.L.D.M. v Becerra, 2025 WL 3707140, at *4 (same for a petitioner who had been residing in the United States for 20 years before he was apprehended by immigration officers).

Recently, in Ballen-Ramirez, the undersigned thoroughly addressed respondents' argument—that petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  Ballen-Ramirez v. Warden of the Golden State Annex Det. Facility, No. 1:26-cv-2971 DAD AC, 2026 WL 1329861, at *4-6 (E.D. Cal. May 13, 2026).  There, the

---

[5]  Because as discussed below, relief is appropriate on Claim Two, the undersigned declines to address petitioner's other claims, as they seek the same or similar relief (i.e., petitioner's immediate release).

4

undersigned noted that respondents' argument "has been tried, tested and overwhelmingly rejected by this court, hundreds of district courts throughout the United States, and four federal circuit courts." Id. at *4.  The undersigned discussed the Eleventh Circuit's decision in Hernandez-Alvarez v. Warden, Fed. Det. Ctr. Miami, No. 25-14065, __ F.4th __, 2026 WL 1243395 (11th Cir. May 6, 2026), which held, after examining the plain text of § 1225(b)(2)(A) and the supplemental definition chosen by Congress in the INA, that only certain types of "applicants for admission" (defined as a noncitizen present without admission or who arrives in the United States) fall within the scope of 8 U.S.C. § 1225(b)(2)).  Id. at *5.

The undersigned acknowledged that the decision in Hernandez-Alvarez is consistent with the Second and Sixth Circuit's recent rulings, and Judge Lee's opinion in the Seventh Circuit, but inconsistent with the Fifth and Eighth Circuit's rulings.  Id. at *4-5; Lopez-Campos v. Raycraft, Nos. 25-1965/1969/1978/1982, __ F.4th __, 2026 WL 1283891, at *3-6 (6th Cir. May 11, 2026) (holding that the statute's text, "[c]ontextual and structural considerations," and "the government's previously unbroken 29-year streak of applying § 1226(a) as opposed to § 1225(b)(2)(A) to noncitizens" who have been present in the United States for years, all support finding that "an 'applicant for admission' is not necessarily 'seeking admission'"); Castañon-Nava v. U.S. Dep't of Homeland Sec., No. 25-3050, __ F.4th __, 2026 WL 1223250, at *22 (7th Cir. May 5, 2026) (Lee, J.) (holding that "the text, statutory context, legislative history, and long-standing Executive practice all confirm that § 1225(b)(2)(A) applies to 'applicants for admission' who are *seeking* lawful entry at the border or ports of entry and not to noncitizens unlawfully living in the country's interior"); Barbosa da Cunha v. Freden, No. 25-3141, __ F.4th __, 2026 WL 1146044, at *6-9 (2d Cir. Apr. 28, 2026) (holding that the court's "commonsense reading of the text in Section 1225(b)(2)(A) squares with plain meaning of 'seeking admission' and gives effect to each clause and word that Congress chose to write," and "therefore applies only to (1) noncitizens who are present and have not been admitted, and (2) are requesting (3) lawful entry into the United States after inspection and authorization"); but see Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502-08 (5th Cir. 2026) (holding that noncitizens present in the United States without lawful admission are "applicants for admission" under 8 U.S.C. § 1225(a)(1) and

therefore subject to mandatory detention under § 1225(b)(2)(A)); Avila v. Bondi, 170 F.4th 1128, 1138 (8th Cir. 2026) (holding a noncitizen present in the United States without having been admitted is both an "applicant for admission" and "seeking admission" and therefore subject to mandatory detention without bond under § 1225(b)(2)(A)).

Finding Hernandez-Alvarez, Barbosa da Cunha, Lopez-Campos, and Judge Lee's opinion in Castañon-Nava v. U.S. Dep't of Homeland Sec. to be well-reasoned, thorough, and persuasive, the undersigned found that

> (1) "applicant for admission" and 'seeking admission' in 8 U.S.C. § 1225(b)(2) are not synonymous and (2) to fall within the scope of § 1225(b)(2), the noncitizen must be an "applicant for admission" (i.e. a noncitizen arriving in the United States or present in the United States without having been granted lawful entry), who is seeking lawful entry into the United States after inspection and authorization, and not clearly beyond a double entitled to lawful entry.

Ballen-Ramirez, 2026 WL 1329861 at *5.  Applying this construction to the facts in Ballen-Ramirez, the undersigned found "that although petitioner is an 'applicant for admission' because he is present in the United States without having been granted lawful entry," he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because "at the time of his re-detention on March 17, 2026, he was not 'seeking' lawful entry into the United States after inspection and authorization." Id. at *6.  Applying the same construction here, petitioner—who has resided in the United States for almost five years—is an "applicant for admission" because he is present without having been lawfully admitted. [6]  However, he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because he was not "seeking" lawful entry into the United States after inspection and authorization when he was detained by ICE in February 2026.

Because the undersigned is persuaded by the well-reasoned analysis in Sharma, Sut Pol, Morillo, E.L.D.M., and Ballen-Ramirez, the undersigned incorporates and adopts the reasoning in those cases and finds petitioner, who was not apprehended upon arrival and has been living in the United States for several years, is not lawfully detained under 8 U.S.C. § 1225(b)(2).  Under the

---

[6] Because respondents do not respond to the factual representations in the verified petition, the factual representations in the verified petition are deemed admitted.  Fed. R. Civ. P. 8(b)(6) ("An allegation . . . is admitted if a responsive pleading is required and the allegation is not denied.").

6

current facts, the relevant detention authority is 8 U.S.C. § 1226(a), which entitles petitioner to a bond hearing. [7]

This court has regularly found that when ICE unlawfully detains a noncitizen under 8 U.S.C. § 1225(b)(2), does not assert an alternative lawful basis for petitioner's detention, and does not afford petitioner a bond hearing under 8 U.S.C. § 1226(a)—as is the case here—release is the appropriate remedy to preserve the *status quo ante litem*. Garcia-Castillo v. Noem, No. 1:26-cv-0058 DAD AC, 2026 WL 1088807, at *2 (E.D. Cal. Apr. 22, 2026) (collecting cases). There is no reason to depart from those prior decisions.

C. Respondents' Request for Abeyance

Respondents assert the petition should be denied or alternatively the case should be held in abeyance pending the Ninth Circuit's resolution of Rodriguez v. Bostock, No. 25-6842 (9th Cir). Id. at 2. The court, however, should decline to hold the petition in abeyance for two reasons. First, the timeline for a decision in Rodriguez v. Bostock is uncertain. Second, respondents have failed to show abeyance is proper or warranted. See Am. Life Ins. Co. v. Stewart, 300 U.S. 203, 215 (1937) ("In the exercise of a sound discretion," a court may "hold one lawsuit in abeyance to abide the outcome of another, especially where the parties and the issues are the same."); Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005) (the court must

---

[7] Upon review of the EOIR Automated Case Information for petitioner, the court learned that petitioner was ordered removed on June 9, 2026. Because the appeal period on that order has not run, the removal order is not yet *final* and petitioner's detention continues to be governed by § 1226(a), a pre-final order detention statute, not 8 U.S.C. § 1231(a). 8 U.S.C. § 1231(a)(1)(A) (governs detention of noncitizens who have a *final* order of removal and mandates detention during a ninety-day "removal period."); Prieto-Romero v. Clark, 534 F.3d 1053, 1060 (9th Cir. 2008) (Section 1231(a) "does not provide any authority before the removal period"); Avilez v. Garland, 69 F.4th 525, 531 (9th Cir. 2023) (quoting 8 U.S.C. § 1231(a)(1)(B)(i)-(iii)) ("This 'removal period' begins on the latest of either (1) the date a noncitizen's 'order of removal becomes administratively final,' (2) the date of a court's final order, if the noncitizen's removal order is judicially reviewed and [the Ninth Circuit Court of Appeals] stays the noncitizen's removal, or (3) the date the noncitizen is released from criminal detention or confinement."); Ocampo v. Holder, 629 F.3d 923, 926 (9th Cir. 2010) (citing 8 U.S.C. § 1101(a)(47)(B)) (an order of removal becomes "administratively final" "only upon the earlier of (i) a [Board of Immigration Appeals ("BIA")] determination affirming the order or (ii) the expiration of the deadline to seek the BIA's review of the order."); Orellano v. Sessions, 736 Fed. Appx. 635, 638 (9th Cir. 2018) (Thomas, C.J., concurring) ("A removal order thus becomes administratively final only upon affirmance by the BIA or the running of the appeal period.").

weigh "'the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" (quoting CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962))); Dependable Highway Express v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007) ("'[I]f there is even a fair possibility that the stay . . . will work damage to someone else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" (quoting Landis v. N. Am. Co., 299 U.S. 248, 255 (1936))).

CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that petitioner's motion for leave to file supplemental habeas briefing and request for expedited adjudication (ECF No. 10) is GRANTED with respect to leave to file ECF No. 10-1 supplemental habeas briefing and DENIED as MOOT with respect to the request for expedited adjudication.

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's petition for a writ of habeas corpus (ECF No. 1) be GRANTED, as follows:

    a. Respondents shall IMMEDIATELY RELEASE petitioner from custody; RETURN all of petitioner's documents and possessions upon his release from custody, and FILE a notice of compliance within three (3) days of any order adopting these findings and recommendations, confirming petitioner's release from custody and the return of his documents and possessions.

    b. Respondents are ENJOINED and RESTRAINED from attempting to re-detain petitioner unless they comply with the requirements under 8 U.S.C. § 1226(a), the Constitution, and any other laws or treaties of the United States.

2. The order enjoining respondents state that the order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal.

3. The Clerk of the Court be directed to enter judgment for petitioner and close this case.

8

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 10, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE